UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID D. COX,                              )
                                          )
              Plaintiff,                   )
                                          )
v.                                         )          No. 3:23-CV-00032-JRG-JEM
                                          )
NISUS CORPORATION,                         )
                                          )
              Defendant.                   )

## MEMORANDUM OPINION

This matter is before the Court on Defendant Nisus Corporation's motion to dismiss [Doc. 15] and supporting memorandum of law [Doc. 16]. Plaintiff David D. Cox filed a response in opposition [Doc. 36] and supporting memorandum [Doc. 37]. Defendant replied [Doc. 38] and Plaintiff filed a sur-reply [Doc. 39].[1] For the reasons discussed below, Defendant's motion will be **GRANTED**.

## I.     BACKGROUND

Plaintiff, an African American man, was employed by Defendant from February 2020 until his termination in March 2021. [Doc. 3 at 7–8]. After his termination, Plaintiff filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant unlawfully terminated his employment and discriminated against him due to his race. [Doc. 3-2 at 1]. The EEOC declined to proceed with its investigation into Plaintiff's case and issued him a right-to-sue letter, informing him of his right to proceed with a civil lawsuit. [Doc. 3-2 at 3].

---

[1] Although Plaintiff did not obtain the Court's permission to file a sur-reply, as required by Local Rule 7.1(d), the Court has considered his supplemental filing [Doc. 39].

On January 27, 2023, Plaintiff filed this action pro se. [Doc. 3 at 1]. The complaint asserts the following claims: (1) race discrimination, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (2) Constitutional violations under 42 U.S.C. § 1983; and (3) a state law claim of defamation. [*Id.* at 3, 4, 6]. Plaintiff attached a copy of his right-to-sue letter to the complaint. [Doc. 3-2 at 3]. The letter indicates that it was issued on September 30, 2022, and states in bold letters "**your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**." [*Id.*]. In a handwritten note at the bottom of the letter, Plaintiff asserts that he did not receive the right-to-sue letter until October 25, 2022, and that he had informed an EEOC investigator of that fact. [*Id.*].

Plaintiff served Defendant with the complaint on May 18, 2023. [Docs. 13, 14]. Defendant now moves to dismiss all of Plaintiff's claims, [Doc. 15]. This matter is ripe for review.

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of a complaint for failure to state a claim upon which relief may be granted. The propriety of dismissal under Rule 12(b)(6) is a question of law. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). When reviewing a motion to dismiss for failure to state a claim, the Court must "construe the complaint in the light most favorable to the non-moving party, accept the well-pleaded factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When ruling on a motion to dismiss, the court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## III.    DISCUSSION

Defendant argues that Plaintiff's claims should be dismissed under Rule 12(b)(6). [Doc. 15 ¶¶ 1–3]. Specifically, Defendant asserts that Plaintiff's Title VII claims should be dismissed as time-barred; that Defendant is not an entity that can be sued under § 1983; and that Plaintiff's allegations fail to state a claim for defamation. [*Id.*]. Alternatively, Defendant argues that if Plaintiff's federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over the defamation claim and that all of Plaintiff's claims should be dismissed under Rule 12 (b)(5) for untimely service. [*Id.* ¶¶ 4–5].

### A.    Title VII

"[A] motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon [timeliness]." *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). However, if "the allegations in the complaint affirmatively show that the claim is time-barred . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* Here, Plaintiff's complaint affirmatively shows that his claims are time-barred.

A plaintiff must file his Title VII suit in the district court within ninety days of receiving the right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Courts generally presume that a plaintiff received the right-to-sue letter five days after its mailing, *Graham-Humphreys v.*

3

*Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000), and that the letter was mailed on the date of issuance, *Garrett v. Johnson*, No. 3:13-CV-531, 2014 U.S. Dist. LEXIS 67394, at *5 (E.D. Tenn. May 16, 2014). "The federal courts . . . strictly enforce Title VII's ninety-day statutory limit." *Graham-Humphreys,* 209 F.3d at 557; *see Peete v. Am. Standard Graphic*, 885 F.2d 331, 331–32 (6th Cir. 1989) (affirming dismissal of Title VII action filed ninety-one days after the plaintiff received the right-to-sue notice). Courts may extend the deadline through equitable tolling, but only in extraordinary circumstances. *Graham-Humphreys,* 209 F.3d at 560–61.

Viewing the facts in the light most favorable to Plaintiff, the Court will assume that Plaintiff received the right-to-sue letter on October 25, 2022. Unfortunately, even under Plaintiff's version of the facts, his complaint is untimely. If Plaintiff received the letter on October 25, 2022, he had ninety days from that date in which to file his complaint. Ninety days after October 25, 2022, was January 23, 2023. And the complaint was not filed with the Court under January 27, 2023, four days after the deadline.

Plaintiff asserts that his complaint was filed when he mailed it to the Court, on or about January 24, 2023. [Doc. 36 at 3]. However, a complaint is considered filed when it is received by the clerk's office, not on the date of mailing.[2] *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986) ("Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline."). Indeed, even if the complaint had been filed on January 24, 2023, it would still have been one day past the deadline.

---

[2] Under the prison mailbox rule, a pro se prisoner's court filings are considered filed on the date of mailing. *Houston v. Lack,* 487 U.S. 266, 270–72 (1988). However, that rule does not apply outside the prison context. *Robinette v. Promedica Pathology Labs.*, No. 21-3867, 2022 U.S. App. LEXIS 12523, at *6 (6th Cir. May 9, 2022).

4

Moreover, the Court finds no basis for extending the deadline through equitable tolling. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560–61. Plaintiff has offered no reason why he filed his complaint late. And the right-to-sue letter clearly placed him on notice that he had ninety days in which to file his lawsuit. Plaintiff's pro se status does not exempt him from complying with that deadline. *Robinette v. Promedica Pathology Labs*, No. 5:19-cv-2476, 2021 U.S. Dist. LEXIS 163187, at *4 (N.D. Ohio Aug. 30, 2021).

Defendant has properly raised the defense of timeliness. And the complaint affirmatively shows that Plaintiff's Title VII claims are time-barred. Hence, dismissal under Rule 12(b)(6) is appropriate.

### B. § 1983

Plaintiff also fails to state a claim under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must "demonstrate that a person acting under color of state law 'deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (citing *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). Plaintiff states nothing in his complaint to suggest that Defendant, a private corporation, acted under color of state law. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's § 1983 claims.

### C. Defamation

Finally, the Court will decline to exercise jurisdiction over Plaintiff's defamation claim. A federal court should usually decline to exercise supplemental jurisdiction over a plaintiff's state claims if the court has dismissed all claims over which it has original jurisdiction. *Brown v.*

*Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *see Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (cleaned up) ("Generally, if the federal claims are dismissed before trial the state claims should be dismissed as well."). Given that Plaintiff's federal claims will be dismissed, the Court finds it appropriate to dismiss Plaintiff's defamation claim without prejudice.

Because the issues discussed above are dispositive of this case, the Court will not address Defendant's remaining arguments.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [Doc. 15] is **GRANTED**. Plaintiff's Title VII and § 1983 claims are **DISMISSED WITH PREJUDICE** and his defamation claim is **DISMISSED WITHOUT PREJUDICE**.

A judgment to enter.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE